# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint Petition of<br><br>MAURICE X. WITHERSPOON. | No.  52097-4-II<br><br><br><br><br>UNPUBLISHED OPINION |

WORSWICK, P. — Maurice X. Witherspoon, who was convicted of crimes in Maryland but has been transferred to the Washington State Department of Corrections (DOC), seeks relief from the deductions that the DOC is taking from his inmate account.  He argues that the deductions violate the Interstate Corrections Compact (ICC), chapter 72.74 RCW, and the contract between Washington and Maryland under that compact.  Witherspoon's arguments fail, and we deny his petition.

### FACTS

Witherspoon was convicted of crimes by the State of Maryland.  Witherspoon is currently incarcerated at the Clallam Bay Corrections Center under the custody of the DOC facility pursuant to the ICC and contract with the State of Maryland.  The DOC deducts costs of incarceration and costs to compensate crime victims from Witherspoon's inmate account.  Witherspoon filed this current petition, asserting that the manner of his restraint is unlawful because the DOC's

deductions from his inmate account violate the ICC and the contract with Maryland pursuant to the ICC.

ANALYSIS

RCW 72.09.111 and RCW 72.09.480 require the DOC to take deductions from inmate accounts to defray the costs of incarceration and to compensate crime victims. Those statutes apply to all inmates, including "persons received from another state." RCW 72.09.015(17). Nothing in the ICC or the contract between Washington and Maryland provides otherwise. To the contrary, the ICC requires that inmates sent to serve their sentences in Washington State "shall be treated equally with such similar inmates of the receiving state as may be confined in the same institution." RCW 72.74.020(4)(e). And the contract between Washington and Maryland provides,

> While in custody of the receiving state, an [inmate] will be subject to all provisions of law and regulations applicable to persons committed for violations of law of the receiving state which are not inconsistent with the sentence imposed.

Resp. of the DOC (Ex. 2, Attach. B at 2). Deductions from inmate accounts under chapter 72.09 RCW do not implicate a judgment and sentence and, thus, are "not inconsistent with the sentence imposed" here. Resp. of the DOC (Ex. 2, Attach. B at 2); *In re Pers. Restraint of Pierce*, 173 Wn.2d 372, 386, 268 P.3d 907 (2011).

Because the deductions from Witherspoon's inmate account are required under RCW 72.09.111 and RCW 72.09.480 and are not otherwise prohibited under the ICC or the contract

No. 52097-4-II

between Washington and Maryland, Witherspoon fails to demonstrate that the manner of his restraint is unlawful. RAP 16.4(c)(6).[1] Accordingly, we deny his petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

WORSWICK, J.

We concur:

BJORGEN, J.

LEE, A.C.J.

---

[1] For the first time in his reply brief, Witherspoon argues that the DOC's deduction of funds from his inmate account violates his right to due process. Because Witherspoon raises this argument for the first time in his reply brief, we do not address it. *In re Pers. Restraint of Krier*, 108 Wn. App. 31, 37 n.4, 29 P.3d 720 (2001). Moreover, mandatory deductions for the costs of incarceration and victim compensation do not violate due process. *In re Pers. Restraint of Metcalf*, 92 Wn. App. 165, 176-77, 963 P.2d 911 (1998).